Sandra J. CARTER, Plaintiff,

v.

ILLINOIS DEPARTMENT OF COMMERCE AND COMMUNITY AFFAIRS, Defendant.

No. 84 C 8169.

United States District Court, N.D. Illinois, E.D.

Dec. 28, 1984.

Laurie E. Leader, Michael Lee Tinaglia, Leader & Tinaglia, Chicago, Ill., for plaintiff.

Gladys M. Stevens, Asst. Ill. Atty. Gen., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Sandra Carter ("Carter") has sued her employer, Illinois Department of Commerce and Community Affairs ("Department"), charging race-discriminatory employment practices in violation of both Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e to 2000e-17 (Count I) and 42 U.S.C. § 1981 ("Section 1981") (Count II). Department has moved to dismiss Count II on sovereign immunity grounds. For the reasons stated in this memorandum opinion and order, Department's motion is granted.

Department is an agency of the State of Illinois, so that a suit against Department stands in the same position as a suit against the State itself for Eleventh Amendment purposes. Though the Supreme Court has squarely decided the Eleventh Amendment bars suit under 42 U.S.C. § 1983, *Quern v. Jordan*, 440 U.S. 332, 338–45, 99 S.Ct. 1139, 1143–47, 59 L.Ed.2d 358 (1979), it has not addressed the identical question as to Section 1981. See the Court's most recent excursion into Eleventh Amendment analysis in *Pennhurst State School & Hospital v. Halderman*, — U.S. —, 104 S.Ct. 900, 906–09, 79 L.Ed.2d 67 (1984).

But for a District Court the Supreme Court is not the only source of controlling law. In a pre-*Pennhurst* but (more importantly) post-*Quern v. Jordan* decision, *Rucker v. Higher Educational Aids Board*, 669 F.2d 1179, 1184 (7th Cir.1982) our Court of Appeals held:

> [I]t is undisputed that the Board—the only defendant in this case—is a state agency. As such, it is immune from federal damages liability by virtue of the Eleventh Amendment. See *Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978); *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). Rucker's section 1981 and section 1985 claims fail on the same ground.

As to *Rucker* Carter's counsel respond (Mem. 6):

> Indeed, some federal courts have mistakenly done so ["extended" the authorities on which *Quern v. Jordan* relied in part] to conclude that the Eleventh Amendment similarly bars Section 1981 claims. See, e.g., *Rucker v. Higher Educational Aids Bd.*, 669 F.2d 1179 (7th Cir.1982). The fallacy of such argument is based upon the differences in origin of Section 1981 and Section 1983.

It is of course possible for a Court of Appeals to be mistaken, but arguments against a square holding by that court must be addressed to it and not to a District Court in the same Circuit. Orderly jurisprudence compels that such a direct precedent be followed by this Court.

This Court therefore will not indulge the historical excursion invited by Carter. Count II is dismissed on the controlling authority of *Rucker*.