662 F.Supp. 1475 (1987)
PARENTS FOR QUALITY EDUCATION WITH INTEGRATION, INC.; Brandy, Mylan and Demaraus Brown by their mother and next friend Alisha Brown; Scepter Brownlee, by his mother and next friend, Ora Brownlee; Torrey and Tereseca Cook, by their parents and next friends, Regina and Richard Cook; Phillip Harris, by his mother and next friend, Diane Harris; Jason and Shawn Hutchens, by their mother and next friend, Carolyn Hutchens; Gwenetta Lewis, by her mother and next friend, Patricia Lewis; Marco, Derrick, Shyra, Antonia and Kendice McClain, by their mother and next friend, Florence McClain; Kendrick Sanders, by his mother and next friend, Jacquelyn Sanders; Timothy J. and Brenittella Sneed, by their mother and next friend, Mary A. Sneed; Terrie Young, by her mother and next friend, Edith L. Young; Emily Fairchild, by her parents and next friends, Janice L. and David L. Fairchild; Claire and Daniel Sachs, by their parents and next friends, Barbara and Jeremy Sachs, and all others similarly situated, Plaintiffs,
v.
FORT WAYNE COMMUNITY SCHOOLS CORPORATION; Dr. Bill C. Anthis, Superintendent of the Fort Wayne Community Schools; Ann K. Silletto, President of the Fort Wayne Community Schools Board of School Trustees; Stephen Corona, Richard T. Doermer, Ronald G. Kleopfer, Dr. Bernard Stuart, Dr. Jeff H. Towles, and Eugene A. Yergens, Members of the Fort Wayne Community Schools Board of School Trustees, and the State of Indiana; Robert D. Orr, Governor of the State of Indiana; Linley E. Pearson, Attorney General of The State of Indiana; Dr. H. Dean Evans, State Superintendent of Public Instruction and Chairman of the State Board of Education; and Dr. Robert Krajewski, T. Randall Tucker; Mrs. Jeanette Moeller; Joan B. McNagny; Dr. Robert Hanni; Ronald Klene; Theressa Bynum; Bettye Lou Jerrell, G. Patrick Hoehn; and Eugene L. Henderson; members of the Indiana State Board of Education; and the Indiana Department of Education, Defendants.
No. F 86-325.
United States District Court, N.D. Indiana, South Bend Division.
June 22, 1987.
*1476 William L. Taylor, Dianne M. Piche, Washington, D.C., Julius L. Chambers, Theodore M. Shaw, Norman J. Chachkin, New York City, Thomas J. Henderson, Pittsburgh, Pa., Clifton E. Files, Fort Wayne, Ind., for plaintiffs.
Robert S. Walters, James P. Fenton, Fort Wayne, Ind., David Michael Wallman, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, Ind., for defendants.
Richard J. Darko, Indianapolis, Ind., Frederick R. Tourkow, Fort Wayne, Ind., for amicus curiae Fort Wayne Educ. Ass'n.

MEMORANDUM AND ORDER
ALLEN SHARP, Chief Judge.
This case is before the court on the defendants', State of Indiana; Robert D. Orr, Governor of the State of Indiana; Linley E. Pearson, Attorney General of the State of Indiana; Dr. H. Dean Evans, State Superintendent of Public Instruction and Chairman of the State Board of Education; Dr. Robert Krajewski; T. Randall Tucker; Mrs. Jeanette Moeller; Joan B. McNagny, Dr. Robert Hanni; Ronald Klene; Theressa Bynum; Bettye Lou Jerrell; G. Patrick Hoehn; Eugene L. Henderson; and the *1477 Indiana Department of Education (referred to collectively as State defendants), Motion to Dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure. That motion was filed on November 25, 1986, before the State defendants filed an answer. The court, during a pretrial conference, gave the plaintiffs (collectively referred to as PQEI) until January 13, 1987, to respond to the State defendants' motion to dismiss. Subsequently, on January 13, 1987, PQEI filed a brief in opposition to the motion to dismiss. The court heard oral argument on the motion to dismiss on May 27, 1987; the matter is now ripe for decision.
The jurisdiction of this court is premised upon Sections 1331, 1343(a)(3) and (4), 2201 and 2202 of Title 28 of the United States Code. The case or controversy is alleged to arise under Sections 1981, 1983, 1985, 1988 and 2000d et seq. of Title 42 of the United States Code; the Thirteenth and Fourteenth Amendments to the Constitution of the United States; Indiana State Constitution Article 1, § 23 and Article 8, § 1; and Indiana Code Sections 20-8-1-2-1 [sic], 20-8.1-2-3, 20-8.1-2-5 and 20-8.1-2-6. Based upon the record before this court jurisdiction premised upon a federal question is properly alleged.
The facts alleged in the complaint relevant to the pending motion to dismiss are brief. The court does not consider unsupported conclusory statements included in the numbered paragraphs of the complaint as facts pertinent to the pending motion to dismiss. PQEI alleges that the Fort Wayne Community Schools Corporation (FWCS) established and has maintained a racially dual school system. In 1949 the State of Indiana adopted a statute which permitted children to enroll in schools closest to their homes and required segregated districts to begin desegregation efforts. See, I.C. §§ 20-8.1-2-1, 20-8.1-2-3, 20-8.1-2-5 and 20-8.1-2-6. PQEI alleges that between 1949 and 1954 the State defendants "failed to act effectively, pursuant to the 1949 Act, to require and accomplish the disestablishment of racially dual school systems in the State, including the dual system in Fort Wayne." Further, PQEI alleges that since 1954 the State defendants "refused to act effectively to fulfill their constitutional obligation to dismantle the dual system in Fort Wayne." The alleged "omissions include, but are not limited to [a] failure to supervise, regulate, monitor or control the segregation practices and policies ... [a failure or refusal] to act to dismantle the dual system ... [engaging] in racially discriminatory practices ... [and abdicating] their responsibility to exercise [their authority to] authorize and approve all public school construction projects." PQEI alleges that those acts constitute past, present and continuing violations of constitutional and statutory rights. As a consequence of the alleged violation of federal and state constitutional and legal rights PQEI prays for relief which includes a declaratory judgment under 28 U.S.C. § 2201 against all defendants; an injunction under 28 U.S.C. § 2202 against all defendants enjoining all defendants from violating the Federal and State Constitutions and laws; an order requiring all defendants to develop and implement an equitable plan of desegregation; and an assessment of costs pursuant to 42 U.S.C. § 1988.
The court in analyzing a motion to dismiss utilizes the standards established by the Supreme Court of the United States in Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Hishon v. King & Spaulding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The Supreme Court in Conley held that:
In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed ... unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.
Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957); accord, Hishon, 467 U.S. at 73, 104 S.Ct. at 2232; Vaden v. Village of Maywood, Illinois, 809 F.2d 361, 363 (7th Cir.1987), cert. denied ___ U.S. ___, 107 S.Ct. 2489, 96 L.Ed.2d 381 (1987); Miniat, Inc. v. Globe Life Ins. Group, Inc., 805 F.2d 732, 735 (7th Cir.1986), cert. denied (June 8, 1987); *1478 Morgan v. Bank of Waukegan, 804 F.2d 970, 973 (7th Cir.1986). In addition, "we must accept as true all well-pleaded factual allegations in the complaint." Vaden, 809 F.2d at 363; Doe on behalf of Doe v. St. Joseph's Hospital of Fort Wayne, 788 F.2d 411, 414 (7th Cir.1986); Ellsworth v. City of Racine, 774 F.2d 182, 184 (7th Cir.1985), cert. denied, ___ U.S. ___, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986). Further "pleadings are to be liberally construed and mere vagueness or lack of detail does not constitute sufficient grounds for a motion to dismiss." Strauss v. City of Chicago, 760 F.2d 765, 767 (7th Cir.1985); accord, Doe on behalf of Doe v. St. Joseph Hospital of Fort Wayne, 788 F.2d at 414. "A complaint must state either direct or inferential allegations concerning all of the material elements necessary for recovery under the relevant legal theory." Carl Sandberg Village Condominium Ass'n v. First Condominium Development Co., 758 F.2d 203, 207 (7th Cir.1985), citing, Sutcliff, Inc. v. Donovan Companies, Inc., 727 F.2d 648, 654 (7th Cir.1984).

THIRTEENTH AMENDMENT
Although the Thirteenth Amendment was not raised as an issue in the State defendants' motion to dismiss, during oral argument the issue was raised. After careful analysis of the pleadings, the court has been unable to discern any possible factual basis, including conclusory allegations, which supports any reasonable inference that a claim premised upon the Thirteenth Amendment of the Constitution of the United States exists in the complaint. Consequently, any claims in the complaint premised solely upon the Thirteenth Amendment of the Constitution of the United States are dismissed.

STANDING
The State defendants challenged the standing of PQEI as well as several individual plaintiffs. The "core component" of standing "derived directly from the constitution" is that "[a] plaintiff must allege personal injury fairly traceable to the defendant's alleged unlawful conduct and likely to be redressed by the requested relief." Allen v. Wright, 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984), reh'g denied, 468 U.S. 1250, 105 S.Ct. 51, 82 L.Ed.2d 942 (1984); see also, Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982); Watt v. Energy Action Educational Foundation, 454 U.S. 151, 161, 102 S.Ct. 205, 212, 70 L.Ed.2d 309 (1981); Duke Power Co. v. Carolina Environmental Study Group, Inc., 438 U.S. 59, 72, 98 S.Ct. 2620, 2629, 57 L.Ed.2d 595 (1978); Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 261, 97 S.Ct. 555, 561, 50 L.Ed.2d 450 (1977); Simon v. Eastern Kentucky Welfare Rights Organization, 426 U.S. 26, 38, 96 S.Ct. 1917, 1924, 48 L.Ed.2d 450 (1976); Warth v. Seldin, 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975); Schlesinger v. Reservists Committee to Stop the War, 418 U.S. 208, 218, 220-221, 94 S.Ct. 2925, 2931-2932, 41 L.Ed.2d 706 (1974).
The complaint describes PQEI and its members. The members include "parents of black and white school children who attend or will attend Fort Wayne Community Schools." The purpose of PQEI as described in the complaint "is to promote quality education through desegregation of the public school system of Fort Wayne." The complaint further alleges that members of PQEI have been and continue to be injured by the State defendants' acts or omissions. In Warth v. Seldin the Court held "[an] association must allege that its members, or any one of them, are suffering immediate or threatened injury as a result of the challenged action of the sort that would make a justiciable case had the members themselves brought suit." Warth, 422 U.S. at 511, 95 S.Ct. at 2211; accord, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America v. Brock, 477 U.S. 274, 106 S.Ct. 2523, 2529, 91 L.Ed.2d 228 (1986); Hunt v. Washington Apple Advertising Commission, 432 U.S. 333, 343, 97 S.Ct. 2434, 2441, 53 L.Ed.2d 383 (1977); Sierra Club v. Morton, 405 U.S. 727, 734-741, 92 S.Ct. 1361, 1365-1369, *1479 31 L.Ed.2d 636 (1972). The Court in Hunt v. Washington Apple Advertising Commission adopted the following three part test:
"[A]n association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit."
Hunt v. Washington, 432 U.S. at 343, 97 S.Ct. at 2441. The facts alleged in PQEI's complaint demonstrate that it has met the test announced in Hunt, and recently affirmed in International UAW v. Brock. In addition, a cursory reading of PQEI's complaint reveals that PQEI alleges immediate or threatened injury to its members of a sort that would make a justiciable case had those members themselves brought suit. The State defendants allege that PQEI was created solely to bring this litigation, and in an effort to avoid the difficulties of bringing this case pursuant to Rule 23 of the Federal Rules of Civil Procedure. This court recognizes the problems which could arise by permitting a suit to proceed by an organization in lieu of a suit under Rule 23. However, as the Court held in International UAW v. Brock, the State defendants have not demonstrated that the PQEI would not adequately represent its members. See, International UAW v. Brock, ___ U.S. at ___, 106 S.Ct. at 2533. Consequently, the State defendants' motion to dismiss premised upon PQEI's alleged lack of standing is denied.
The State defendants also challenge the standing of several individual plaintiffs. Those challenges question the allegation in the complaint that individuals who attend a school which, according to the complaint, includes a percentage of black students higher or lower than the percentage of blacks in the community are not injured. Specifically the State defendants allege that black students attending a school with a lower percentage of black students than the percentage of blacks in the community or white students attending a school with a higher percentage of black students than the percentage of blacks in the community can prove no injury. The analysis permitted pursuant to a Rule 12 motion to dismiss does not include the factual analysis required by the State defendant's challenge. This court is unable to say that the individual plaintiffs can prove no set of facts in support of their claims. Therefore, the State defendants' motion to dismiss premised upon a challenge to specific individual plaintiffs' standing is denied.

ELEVENTH AMENDMENT
The history of Eleventh Amendment jurisprudence clearly illustrates that a State and its agencies are treated differently, for the purposes of immunity, than state officials sued in their official capacity or personal capacity.[1]See, Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). The significance of that difference is apparent in the long line of cases which consistently hold that a state and its agencies shall be immune from suit in federal court unless the state consents to such suit or Congress expressly abrogates the states' Eleventh Amendment immunity. Papasan v. Allain, ___ U.S. ___, 106 S.Ct. 2932, 2939, 92 L.Ed.2d 209 (1986); Green v. Mansour, 474 U.S. 64, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985), reh'g denied, ___ U.S. ___, 106 S.Ct. 900, 88 L.Ed.2d 933 (1986); Atascadero State Hospital v. Scanlon, 473 U.S. 234, 242-243, 105 S.Ct. 3142, 3147-3148, 87 L.Ed.2d 171 (1985); Kentucky v. Graham, 473 U.S. 159, 167 fn. 14, 105 S.Ct. 3099, 3106 fn. 14, 87 L.Ed.2d 114 (1985); Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 99-101, 104 S.Ct. 900, 907-908, 79 L.Ed.2d 67 (1984); Cory v. White, 457 U.S. 85, 90-91, 102 S.Ct. 2325, 2328-2329, 72 L.Ed.2d 694 (1982); Quern v. Jordan, 440 U.S. 332, 339-340, 99 S.Ct. 1139, 1144, 59 L.Ed.2d 358 (1979); Alabama v. Pugh, 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978); Milliken v. *1480 Bradley, 433 U.S. 267, 289-291, 97 S.Ct. 2749, 2761-2762, 53 L.Ed.2d 745 (1974); Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); Brunken v. Lance, 807 F.2d 1325, 1328-1330 (7th Cir. 1986); Gary A. v. New Trier High School Dist. No. 203, 796 F.2d 940, 943 (7th Cir. 1986); Adams v. State of Indiana, 795 F.2d 27, 28 (7th Cir.1986); Gleason v. Board of Educ. of City of Chicago, 792 F.2d 76, 79 (7th Cir.1986); Watkins v. Blinzinger, 789 F.2d 474 (7th Cir.1986), cert. denied sub nom, Diamond v. Blinzinger, ___ U.S. ___, 107 S.Ct. 1976, 95 L.Ed.2d 816 (1987); Richardson v. Penfold, 650 F.Supp. 810, 811 (N.D.Ind.1986); Wellman v. Trustees of Purdue University, 581 F.Supp. 1228, 1229 (N.D.Ind.1984); Hendrix v. Indiana Public Defender System, 581 F.Supp. 31, 32 (N.D.Ind.1984). Although the express language of the Eleventh Amendment does not preclude suits brought in federal court against a state by citizens of that state, the Court has interpreted the language of the Eleventh Amendment as precluding such suits. Papasan, 106 S.Ct. at 2939; Hans v. Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890).
The courts have struggled with the delicate balance which exists between the Eleventh and Fourteenth Amendments. See, Papasan, 106 S.Ct. at 3145-3146; Hutto v. Finney, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978), reh'g denied, 439 U.S. 1122, 99 S.Ct. 1035, 59 L.Ed.2d 83 (1979); Fitzpatrick v. Bitzer, 427 U.S. 445, 456, 96 S.Ct. 2666, 2671, 49 L.Ed.2d 614 (1976). The entire line of decisions by the Supreme Court of the United States since the adoption of the Eleventh Amendment illustrates that the Eleventh Amendment is an absolute bar to suits brought in federal court against states and their agencies without the state's express or implied consent or express abrogation by Congress of the states' Eleventh Amendment immunity. Papasan, 106 S.Ct. at 2939; Green, 474 U.S. at ___, 106 S.Ct. at 425; Atascadero, 473 U.S. at 242-243, 105 S.Ct. at 3147-3148; Pennhurst, 465 U.S. at 99, 104 S.Ct. at 907; Cory, 457 U.S. at 90-91, 102 S.Ct. at 2328-2329; Brunken, 807 F.2d at 1329. The record before the court does not include any consent by the State of Indiana to permit this suit to proceed in federal court, nor are there facts which support an argument that the State of Indiana impliedly consented to be sued in Federal court.
The next inquiry is whether Congress by statute has expressly abrogated the states' Eleventh Amendment immunity. Congress by enacting specifically 42 U.S.C. §§ 1981, 1983 and 1985 did not abrogate the states' Eleventh Amendment immunity. See, Quern, 440 U.S. at 339-346, 99 S.Ct. at 1144-1147; Alabama v. Pugh, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978); Rucker v. Higher Educational Aid Bd., 669 F.2d 1179, 1184 (7th Cir.1982); Davis v. Buffalo Psychiatric Center, 623 F.Supp. 19, 20 (W.D.N.Y.1985); Carter v. Illinois Dept. of Commerce and Community, 600 F.Supp. 583, 584 (N.D.Ill.1984); Diasernia v. State of New York, 582 F.Supp. 792, 801-803 (N.D.N.Y.1984); Jones v. Local 520 International Union of Operating Engineers, 524 F.Supp. 487, 490 (S.D.Ill. 1981); Elliott v. Hinds, 573 F.Supp. 571, 574 (N.D.Ind.1983), rev'd on other grounds, 786 F.2d 298 (7th Cir.1986). Congress has, however, expressly abrogated the states' Eleventh Amendment immunity for violations of Section 2000d et seq. of Title 42 of the United States Code which "occur in whole or in part after October 21, 1986." 42 U.S.C.A. § 2000d-7 (Pocketpart 1987). Section 2000d-7 reads:
(a) General provision
(1) A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 794 of Title 29, title IX of the Education Amendments of 1972, the Age Discrimination Act of 1975 [42 U.S.C.A. § 6101 et seq.] title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.], or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance.
(2) In a suit against a State for a violation of a statute referred to in paragraph
(1), remedies (including remedies both at law and in equity) are available for such *1481 a violation to the same extent as such remedies are available for such a violation in the suit against any public or private entity other than a State.
(b) Effective date
The provisions of subsection (a) of this section shall take effect with respect to violations that occur in whole or in part after October 21, 1986.
Id. A thorough search has produced no cases which interpret the scope of 42 U.S.C. § 2000d-7. The express language clearly illustrates that a State or its agencies may be sued in federal court under 42 U.S.C. § 2000d et seq.
Finally, the Supreme Court of the United States has made it clear that states are immune from suit brought in federal court premised upon violations of state constitutions or laws. Justice Powell writing for the majority held that "it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials how to conform their conduct to state law." Pennhurst, 465 U.S. at 106, 104 S.Ct. at 911.
It is clear that the State of Indiana and the Indiana Department of Education are immune from claims brought in federal court by these plaintiffs premised upon the Constitution of the State of Indiana; Indiana Statutes; and Sections 1981, 1983 and 1985 of Title 42 of the United States Code. Further, that that immunity shields the state and its agencies "regardless of the nature of the relief sought." Pennhurst, 465 U.S. at 100, 104 S.Ct. at 907; accord, Papasan, 106 S.Ct. at 2939; Brunken, 807 F.2d at 1329; Gleason, 792 F.2d at 79.
To escape the inherent conflict between Congress' enforcement power under Section Five (5) of the Fourteenth Amendment and the States' immunity under the Eleventh Amendment, when state officials acting in their official capacity allegedly violate a federally protected right the court adopted what has been termed a "legal fiction". See Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). The legal fiction is necessary "to permit the vindication of what the Court sees as the paramount interest in the application of the constitution and federal law to continuing or impending conduct." Watkins, 789 F.2d at 484. This sidestep of the Eleventh Amendment permits the filing of a suit for injunctive relief against a state official in his official capacity who administers "a program in violation of the Constitution or federal law." Id. The legal fiction created in Young treats a state official who administers a program in violation of the Constitution or federal law as "`not the state'". Id., citing, Ex Parte Young, 209 U.S. 123, 154, 28 S.Ct. 441, 451, 52 L.Ed. 714 (1908). Therefore, the Eleventh Amendment does not shield the state official from the result of such conduct. Id. This sidestep of the states' Eleventh Amendment immunity is extremely narrow in scope and remedy. See, Green, 474 U.S. at 68-69, 106 S.Ct. at 426; Watkins, 789 F.2d at 484.
The scope of analysis under the official capacity legal fiction does not extend to violations of state law. Pennhurst, 465 U.S. at 100, 104 S.Ct. at 907. Consequently, the plaintiffs' claims against state officials in their official capacity for violations of the Constitution of the State of Indiana and Indiana statutes are dismissed.
Young created an exception to the Eleventh Amendment limited to injunctive relief, and by implication declaratory relief, against state officials sued in the official capacity. See Ex Parte Young, 209 U.S. at 154, 28 S.Ct. at 451; Watkins, 789 F.2d at 484. All attempts to expand that narrow exception have been rejected. See, Green, 474 U.S. at 68-69, 106 S.Ct. at 426; Pennhurst, 465 U.S. at 103, 104 S.Ct. at 909; Cory, 457 U.S. at 91, 102 S.Ct. at 2329; Quern, 440 U.S. at 337, 99 S.Ct. at 1143; Edelman, 415 U.S. at 668, 94 S.Ct. at 1358. Injunctive relief is limited solely to prospective relief. Papasan, 106 S.Ct. at 2940; Green, 474 U.S. at 68-69, 106 S.Ct. at 426; Pennhurst, 465 U.S. at 102-103, 104 S.Ct. at 909; Kashani v. Purdue University, 813 F.2d 843, 848 (7th Cir.1987); Brunken, 807 F.2d 1329.
The often quoted passage from Edelman which states: "[t]he difference between between the type of relief barred by the Eleventh Amendment and that permitted under Ex Parte Young will not in many *1482 instances be that between day and night", illustrates the problem courts have wrestled with. Edelman, 415 U.S. at 667, 94 S.Ct. at 1357. Nevertheless, subsequent Eleventh Amendment jurisprudence provides some guidance. Prospective relief may be granted only to prevent a continuing violation of the constitution or federal laws. See, Papasan, 106 S.Ct. 2940; Green, 474 U.S. at 68-69, 106 S.Ct. at 426; Pennhurst, 465 U.S. at 102-103, 104 S.Ct. at 909; Brunken, 807 F.2d at 1329. That does not include cases where federal law has been violated at one time or over a period of time in the past or where the relief is intended indirectly to encourage compliance with federal law. Papasan, 106 S.Ct. at 2940. Further, "[c]ompensatory or deterrence interests are insufficient to overcome the dictates of the Eleventh Amendment." Green, 474 U.S. at 68-69, 106 S.Ct. at 426; accord, Papasan, 106 S.Ct. 2940.
The relief sought by the plaintiffs in this case against the State defendants must be limited by the parameters of prospective relief. Therefore, all claims in the plaintiffs' complaint which are premised upon a violation of the Fourteenth Amendment or 42 U.S.C. §§ 1981, 1983 and 1985 which occurred at one time or over a period of time in the past where the relief is intended to encourage compliance with federal law are dismissed.

CONCLUSION
The State of Indiana has not consented to be sued under any theory presented by the plaintiffs. However, Congress expressly abrogated the State's Eleventh Amendment immunity in 42 U.S.C. § 2000d-7. Further, under the legal fiction created by Young, the state officials sued in their official capacity who allegedly violated the federal constitution and laws are not shielded by Eleventh Amendment immunity. The relief available for claims premised upon violations of 42 U.S. §§ 1981, 1983 and 1985 is strictly limited to prospective relief. Finally, all claims premised upon violations of the Thirteenth Amendment of the Constitution of the United States; Constitution of the State of Indiana; or Indiana statutes are dismissed.
Accordingly, and for all the above reasons, it is the ORDER of the court that the plaintiffs' claims premised upon the Thirteenth Amendment of the Constitution of the United States be, and are hereby, DISMISSED. It is FURTHER ORDERED that the State defendants' Motion to Dismiss the plaintiffs' claims premised upon the Constitution of the State of Indiana or Indiana statutes be, and is hereby, GRANTED. It is FURTHER ORDERED that the defendants', State of Indiana and Indiana Department of Education, Motion to Dismiss Plaintiffs' Claims premised upon Sections 1981, 1983 and 1985 of Title 42 of the United States Code be, and is hereby, GRANTED. It is FURTHER ORDERED that the defendants', Robert D. Orr; Linley E. Pearson; Dr. H. Dean Evans; Dr. Robert Krajewski; T. Randall Tucker; Mrs. Jeanette Moeller; Joan B. McNagny; Dr. Robert Hanni; Ronald Klene; Theressa Bynum; Bettye Lou Jerrell; G. Patrick Hoehn; and Eugene L. Henderson, Motion to Dismiss Plaintiff's Claims premised upon Sections 1981, 1983 and 1985 be, and is hereby, DENIED. It is FURTHER ORDERED that the State defendants' Motion to Dismiss Plaintiffs' Claim premised upon Section 2000d et seq. of Title 42 of the United States Code be, and is hereby, DENIED. SO ORDERED.
NOTES
[1] A state official may be sued personally, but the complaint in this case does not include claims against state officials personally. Therefore, that issue will not be addressed.