**PARENTS FOR QUALITY EDUCATION WITH INTEGRATION, INC.; Brown, Brandy, Mylan and Demaraus by their mother and next friend, Alisha Brown; Brownlee, Scepter by his mother and next friend, Ora Brownlee; Cook, Tor-**

rey and Tereseca by their parents and next friends, Regina and Richard Cook; Phillip Harris by his mother and next friend Diane Harris; Jason and Shawn Hutchens by their mother and next friend, Carolyn Hutchens; Gwenetta Lewis, by her mother and next friend, Patricia Lewis; McClain, Marco, Derrick, Shyra, Antonia, and Kendice by their mother and next friend, Florence McClain; Kendrick Sanders by his mother and next friend, Jacquelyn Sanders; Timothy J. and Brenittella Sneed, by their mother and next friend, Mary A. Sneed; Terrie Young by her mother and next friend, Edith L. Young; Emily Fairchild by her parents and next friends, Janice L. and David L. Fairchild; and Sachs, Claire and Daniel, by their parents and next friends, Barbara and Jeremy Sachs, and all other similarly situated, Plaintiffs,

v.

The STATE of INDIANA; Robert D. Orr, Governor of the State of Indiana; Lindley E. Pearson, Attorney General of the State of Indiana; Dr. Dean H. Evans, State Superintendent of Public Instruction and Chairman of the State Board of Education; Dr. Robert Krajewski; Randall T. Tucker; Mrs. Jeanette Moeller; Joan B. McNagny; Dr. Robert Hanni, Ronald Klene; Theressa Bynum; Bettye Lou Jerrell; G. Patrick Hoehn; Eugene L. Henderson, Members of the Indiana State Board of Education; and Indiana Department of Education, Defendants.

Civ. No. F 86–325.

United States District Court,
N.D. Indiana,
Fort Wayne Division.

Dec. 18, 1990.

and continue to suffer from the lingering effects of such unlawful racial segregation.

In January 1990 this court approved a settlement between plaintiffs and the local school defendants embodied in a consent decree published at *Parents for Quality Educ. With Integration, Inc. v. Fort Wayne Community Schools Corp.,* 728 F.Supp. 1373 (N.D.Ind.1990). Because the consent decree expressly excludes the state defendants from its settlement provisions, the remaining claims in this litigation are those brought against the State which survived its motion to dismiss.[1] *See Parents for Quality Educ. With Integration, Inc. v. Fort Wayne Community Schools Corp.,* 662 F.Supp. 1475 (N.D.Ind.1987).

William L. Taylor, Dianne M. Piche, Washington, D.C., Julius L. Chambers, Theodore M. Shaw, Norman J. Chachkin, New York City, Clifton E. Files, Fort Wayne, Ind., Richard B. Fields, Cox & Fields, Memphis, Tenn., for plaintiffs.

Robert S. Walters, James P. Fenton, Fort Wayne, Ind., David Michael Wallman, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, Ind., for defendants.

Richard J. Darko, Indianapolis, Ind., Frederick R. Tourkow, Fort Wayne, Ind., for Fort Wayne Educ. Assn., amicus curiae.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALLEN SHARP, Chief Judge.

In September 1986 the plaintiffs (PQEI) filed this action for declaratory and injunctive relief against local school officials (FWCS) and various state defendants (the State) for what it alleges are deprivations of plaintiffs' privileges and immunities secured under state and federal law. Specifically, plaintiffs maintain that all defendants engaged in the deliberate creation and maintenance of a racially dual system of public education in the Fort Wayne schools, that such system has not to date been dismantled, and that plaintiffs have

Pursuant to Fed.R.Civ.P. 56, the State, by the Attorney General of Indiana, now moves for summary judgment on these remaining claims. State defendants offer both legal and factual theories on behalf of their summary judgment motion and claim that either is independently sufficient to grant their motion as to all plaintiffs' claims. One theory relies on claimed factual infirmities with the plaintiffs' case; the other maintains that plaintiffs' case cannot stand as a matter of law, even assuming as true all of their factual allegations. For the following reasons, the State's motion for summary judgment is DENIED.

### I. 42 U.S.C. §§ 1981, 1983 and 1985

The State argues that the evidence supporting plaintiffs' claims under 42 U.S.C. §§ 1981, 1983 and 1985 is factually insufficient to sustain their burden on summary judgment. The State's position is untenable. Plaintiffs charge the state defendants (and their predecessors) with creating and maintaining a racially dual school system in Fort Wayne. Plaintiffs' exhibits purport to show that over a thirty-year period nearly all annexed and newly constructed schools (all approved by state officials) were racially segregated; that state participation in pupil reassignment policies reinforced racial segregation in the Fort

---

1. What remain are plaintiffs' federal claims under 42 U.S.C. §§ 1981, 1983 and 1985, and 42 U.S.C. § 2000d.

Wayne schools; that the State further perpetuated racial segregation by relying on portable or temporary classrooms at predominantly black schools; and that state defendants were aware of Fort Wayne's racially dual system and improperly failed to take corrective action to disestablish that system. In its answer the State denies each of the charges plaintiffs assert against them. Because genuine issues of material fact remain on virtually all of plaintiffs' claims and allegations, summary judgment on this basis is improper.

■ Next, the State argues that this court's approval of a consent decree binding the plaintiffs and the FWCS means there is no continuing violation of federal law that the State need redress. The court's first response to this charge is that the settlement expressly excludes the State from its terms and thus cannot serve to relieve the State of liability. Second, the State's position begs the very factual questions a trial will have to answer: *e.g.*, whether there remain continuing conditions of inequality produced by the unequal dual school system allegedly maintained in Fort Wayne; and if so, what is or was the State's role in creating or preserving such conditions. For if a fact-finder determines the State liable for the lingering effects of past wrongs (whether from malfeasance or nonfeasance), this court's order approving the consent decree cannot be said to preclude plaintiffs' also obtaining from the State (as well as FWCS) the additional relief they seek.

■ Nor in such a case would the Eleventh Amendment stand as a jurisdictional bar to this court's granting the requested relief. The State's position is undermined (indeed, refuted) by the Supreme Court's decision in *Millikin v. Bradley*, 433 U.S. 267, 97 S.Ct. 2749, 53 L.Ed.2d 745 (1977) [*Millikin II*]. *Millikin II* held that the Eleventh Amendment does not prevent a federal court from ordering a state defendant to share in the cost of a remedial program—even one compensatory in nature—that "eliminate[s] from the public

schools all vestiges of state-imposed segregation" (citation omitted). *Id.* at 290, 97 S.Ct. at 2762. Such a program, according to the Court, "operates *prospectively* to bring about the delayed benefits of a unitary school system" (emphasis in original).[2] *Id.* The Court recognized that educational deficiencies stemming from "the antecedent violation" (racially segregated schools) are not apt to be abolished overnight. By thus characterizing the payment-of-state-funds relief as prospective in nature—to ensure future compliance with federal law—the Court fit this remedy squarely within the prospective-compliance exception to the Eleventh Amendment reaffirmed by *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), and *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979), and which had its origin in *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Accordingly, the State cannot succeed in its effort to secure summary judgment on plaintiffs' claims under 42 U.S.C. §§ 1981, 1983 and 1985.

## II. 42 U.S.C. § 2000d

■ The State's motion for summary judgment on the claim brought under 42 U.S.C. § 2000d also must be denied. In section 2000d–7 Congress specifically subjected the states to federal jurisdiction for violations of (among others) 42 U.S.C. § 2000d et seq. (title VI of the Civil Rights Act of 1964), thus waiving the states' Eleventh Amendment immunity from these claims. The immunity was waived for state violations occurring after October 21, 1986, the effective date of the legislation.

The State maintains that plaintiffs have not alleged any action by state defendants occurring after October 21, 1986, that would constitute a violation of § 2000d. The State attempts to rebut allegations of intentional discrimination by referring to an agreement entered into by FWCS and the United States Department of Education, the federal agency charged with enforcing § 2000d against schools that re-

---

2. Of course, whether the "lingering effects" of racial segregation have been abolished so that there is no continuing violation of federal law remains a question of fact.

ceive federal funding. Under the agreement dated June 1987 the Department of Education deemed FWCS to be in full compliance with title VI of the Civil Rights Act of 1964. The Department of Education may be bound by the agreement's terms in subsequent administrative proceedings against FWCS, but neither this court nor these plaintiffs are. State defendants are the subjects of this litigation. Their ultimate liability or absolution under § 2000d need not rest on the conduct of local school authorities. Because plaintiffs' allegations are sufficient to allow a trier of fact to hear evidence and decide whether the State is liable for illegal discrimination under a program receiving federal financial assistance, the State's motion for summary judgment on this claim is DENIED.

The court addresses one remaining issue discussed in the briefs concerning this claim, *viz.*, whether a jury may consider evidence of the State's alleged discriminatory conduct occurring *before* October 21, 1986. That date is of consequence because Congress chose to abrogate a state's Eleventh Amendment immunity for violations of § 2000d occurring after that date. The immunity—and, hence, the date—is relevant, however, only to the extent that a plaintiff cannot pierce a state's shield of immunity by other means. If an exception to the Eleventh Amendment were applicable—as with the prospective-compliance exception mentioned above—the particular date of complete abrogation would be irrelevant.

### III.

For all of the foregoing reasons, the State's motion for summary judgment is DENIED as to all claims.