977 F.2d 1207
 78 Ed. Law Rep. 52
 PARENTS FOR QUALITY EDUCATION WITH INTEGRATION,
INCORPORATED, Scepter Brownlee, by his mother and next
friend, Ora Brownlee, Torrey Cook, by his parents and next
friends, Regina Cook and Richard Cook, et al., Plaintiffs-Appellees,
v.
STATE OF INDIANA, Evan Bayh, Governor of the State of
Indiana, Linley E. Pearson, Attorney General of the State of
Indiana, Dr. H. Dean Evans, State Superintendent of Public
Instruction and Chairman of the State Board of Education,
Dr. David O. Dickson, Ted L. Marston, Paul L. McFann, David
H. Swanson, Connie Blackketter, Margaret Ann Kelley, Dr.
Norma J. Cook, Katherine L. Startin, J. Patrick O'Rear,
Grant W. Hawkins, Members of the Indiana State Board of
Education, and Indiana Department of Education,
* Defendants-Appellants.
 No. 91-3437.
 United States Court of Appeals,
Seventh Circuit.
 Argued April 8, 1992.
Decided Oct. 23, 1992.
 
 Dianne M. Piche, William L. Taylor (argued), Washington, D.C., Julius L. Chambers, Theodore M. Shaw, Norman J. Chachkin, New York City, Clifton E. Files, Christoff & Christoff, Fort Wayne, Ind., Richard B. Fields, Cox & Fields, Memphis, Tenn., for plaintiffs-appellees.
 David A. Nowak, David M. Wallman (argued), Dist. Attys. Gen., Ronald J. Semler, Asst. Atty. Gen., Office of the Atty. Gen., Federal Litigation, Indianapolis, Ind., for defendants-appellants.
 Before CUMMINGS and CUDAHY, Circuit Judges, and DILLIN, District Judge.**
 CUDAHY, Circuit Judge.
 
 
 1
 This case comes before us on an interlocutory appeal from the denial of the defendants' motion for summary judgment. The district court certified two questions for appeal:
 
 
 2
 1. Whether the Eleventh Amendment permits continuation of a desegregation suit against State Defendants after a court-approved settlement decree between the Plaintiffs and the local school defendants; and
 
 
 3
 2. Whether the Court can and should consider shifting between the local and state governments the costs of financing a desegregation remedy prior to failure or impending failure of the financing mechanism developed by the parties and approved by the Court.
 
 
 4
 Order Clarifying Entry of August 19, 1991, at 2 (Sept. 18, 1991). We granted permission to appeal on October 9, 1991, and now affirm.
 
 I.
 
 5
 Parents for Quality Education with Integration, Incorporated, and certain students in the Fort Wayne, Indiana, public schools brought this suit against the State of Indiana, the Fort Wayne Community Schools (FWCS) and various state and local officials, alleging that the public elementary schools of Fort Wayne are racially segregated as a result of both past and present actions of the defendants. On January 24, 1990, the district court approved a settlement agreement between the plaintiffs and the local defendants (FWCS and the local officials). Parents for Quality Educ. with Integration, Inc. v. Fort Wayne Community Schools Corp., 728 F.Supp. 1373 (N.D.Ind.1990) (PQEI I). The agreement provides for achieving racial balance in the schools through such methods as the establishment of magnet schools and the development of a program of educational improvements. The state defendants did not participate in the settlement negotiations despite the efforts of the other parties to include them, and the consent decree explicitly notes that "the plaintiffs' case against the state defendants is as yet unresolved." Id. at 1377 (Appendix A). Following the district court's approval of the settlement, the local defendants were dismissed with prejudice.
 
 
 6
 After the agreement was approved, the state defendants moved for summary judgment[1] on the ground that the entry of the consent decree eliminated any continuing violation of federal law and that therefore the case against the state defendants was barred by the Eleventh Amendment.[2] The district court denied the motion on December 18, 1990. Parents for Quality Educ. with Integration, Inc. v. Indiana, 753 F.Supp. 733 (N.D.Ind.1990) (PQEI II ). On August 19, 1991, the court entered an order certifying the decision of December 18 for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). On September 19, in response to this court's order for clarification, the district court amended the August 18 order to certify the specific questions we have quoted.
 
 II.
 
 7
 The Eleventh Amendment prohibits a citizen from suing a state in federal court "unless [the state] consent[s] to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity." Green v. Mansour, 474 U.S. 64, 68, 106 S.Ct. 423, 425, 88 L.Ed.2d 371 (1985). The Eleventh Amendment also bars a suit against state officials if it is in fact a suit against the state--that is, if "the effect of the judgment would be to restrain the Government from acting, or to compel it to act." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101 n. 11, 104 S.Ct. 900, 908 n. 11, 79 L.Ed.2d 67 (1984) (quoting Dugan v. Rank, 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963) (internal quotation omitted). However, in the landmark case of Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), the Supreme Court created an exception to this rule for suits challenging the constitutionality of a state official's action, on the theory that since the state cannot authorize such an unconstitutional action, the officer is "stripped of his official or representative character and ... subjected in his person to the consequences of his individual conduct." Pennhurst, 465 U.S. at 102, 104 S.Ct. at 909 (quoting Young, 209 U.S. at 160, 28 S.Ct. at 454). Where the challenged action is found to be unconstitutional, a federal court may grant prospective, injunctive relief against the state official in order to prevent a "continuing violation of federal law." Green, 474 U.S. at 68, 106 S.Ct. at 426 (citing Young, 209 U.S. at 155-56, 159, 28 S.Ct. at 452, 453). Such remedies are "necessary to vindicate the federal interest in assuring the supremacy of that law." Id. Thus, where there is no continuing violation of federal law, the Young exception does not apply and the plaintiff's suit is barred. Id. 474 U.S. at 73, 106 S.Ct. at 428.
 
 
 8
 The state defendants contend that the plaintiffs' suit is barred by the Eleventh Amendment because, with the entry of the consent decree between the plaintiffs and the local defendants, there is no longer a "continuing violation of federal law" for the district court to enjoin. This argument rests on two essential premises: (1) that the plaintiffs' allegations against the state defendants "were that they approved the segregative acts of the Local Defendants and failed to independently dismantle the dual school system"; and (2) that the consent decree approved by the district court "achieved the dismantling of the alleged dual school system and resolved the issues relating to the previous acts of the Local Defendants ... as well as the future effects of those acts." Brief of Defendants-Appellants at 9. From these two premises, the state defendants conclude that, "although the [consent] decree purports to leave the case against the State Defendants unresolved, the effect of the agreement, given the nature of the allegations against the State Defendants, resolves the case against them as well," and provides the plaintiffs with a "full remedy." Id. Therefore, according to the state defendants, "there is no conduct which the State Defendants must change in order to comply with federal law.... [T]here is simply no further course of conduct the State Defendants must or can pursue in order to dismantle the alleged dual school system." Id. at 13.
 
 
 9
 We disagree. The Supreme Court consistently has held that where a state has previously maintained a de jure segregated school system, the state has a constitutional obligation to "take the necessary steps 'to eliminate from the public schools all vestiges of state-imposed segregation.' " Milliken v. Bradley, 433 U.S. 267, 289-90, 97 S.Ct. 2749, 2761-62, 53 L.Ed.2d 745 (1977) (Milliken II ) (quoting Swann v. Charlotte-Mecklenburg Board of Education, 402 U.S. 1, 15, 91 S.Ct. 1267, 1275, 28 L.Ed.2d 554 (1971)). "If the State has not discharged that duty, it remains in violation of the Fourteenth Amendment." United States v. Fordice, --- U.S. ----, ----, 112 S.Ct. 2727, 2735, 120 L.Ed.2d 575 (1992) (emphasis added). The plaintiffs' allegations support a finding of just such a violation.
 
 
 10
 In United States v. Board of Sch. Comm'rs of Indianapolis, 368 F.Supp. 1191 (D.C.Ind.1973) (Indianapolis ), a federal district court held that the State of Indiana had engaged in de jure segregation of the public schools in Indianapolis, Indiana. This court affirmed that decision without opinion. United States v. Board of Sch. Comm'rs of Indianapolis, 483 F.2d 1406 (7th Cir.1973). Certain of the state actions that the Indianapolis court found to constitute acts of de jure segregation are identical to those the plaintiffs allege here. In particular, the Indianapolis court found that the state's approval of school site selections made by the Board of School Commissioners of Indianapolis "were acts of de jure segregation on the part of officials of the State." 368 F.Supp. at 1203. In the case before us, the plaintiffs contend, inter alia, that since the Supreme Court's decision in Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954), the state defendants have "approved school construction and renovation projects in Fort Wayne where such projects had the effect of maintaining or exacerbating racial segregation." Complaint p 33(d). Under Indianapolis, these allegations, if proved, would support a finding that the state had engaged in de jure segregation. See also Bradley v. Milliken, 484 F.2d 215, 241 (6th Cir.1973), rev'd on other grounds, Milliken v. Bradley, 418 U.S. 717, 94 S.Ct. 3112, 41 L.Ed.2d 1069 (1974) (finding that "[t]he clearest example of direct State participation in encouraging the segregated condition of the Detroit public schools" was the State Board of Education's approval of "school construction which fostered segregation throughout the Detroit Metropolitan area").[3] If, as the plaintiffs allege, the state has not taken affirmative steps to discharge its duty to dismantle the dual school system that its laws helped to create and maintain, that failure to act constitutes a continuing violation of the Fourteenth Amendment.
 
 
 11
 The state defendants' affirmative duty is not rendered moot by the district court's approval of the settlement agreement between the plaintiffs and the local defendants. We see no basis for the state defendants' assertion that the consent decree "achieved the dismantling of the alleged dual school system" in Fort Wayne. Brief of Defendants-Appellants at 17. The district court found only that the settlement was a "fair, reasonable and adequate resolution of the plaintiff's allegations" against the local defendants, not that the mere entry of the settlement somehow desegregated the Fort Wayne public schools. PQEI I, 728 F.Supp. at 1377. The decree simply sets out a program of action designed to reach the goal of a unitary system. Virtually the entire decree is phrased in the future tense; for example, FWCS agrees that it "will guarantee racial balance by a date certain...." 728 F.Supp. at 1379 (Appendix A) (emphasis added). The sort of remedial programs described in the consent decree are not, "and as a practical matter could not be, intended to wipe the slate clean by one bold stroke...." Milliken II, 433 U.S. at 290, 97 S.Ct. at 2762. The road to a unitary school system is often a long one. See Freeman v. Pitts, --- U.S. ----, ---- - ----, 112 S.Ct. 1430, 1437-40, 118 L.Ed.2d 108 (1992) (discussing 17-year history of school district's desegregation efforts). Nothing in the record before us suggests that the entry of the consent decree in the present case has somehow dismantled Fort Wayne's dual school system overnight. If that dual system can be traced to the state's alleged acts of de jure segregation, the state's failure to take affirmative steps to achieve that goal is an ongoing violation of the Fourteenth Amendment. The district court may enjoin that violation by ordering the state to take affirmative actions consistent with the Supreme Court's decision in Milliken II.
 
 III.
 
 12
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Pursuant to Fed.R.App.P. 43(c)(1), Evan Bayh has been substituted for Robert Orr, and the current members of the Indiana State Board of Education have been substituted for Dr. Robert Krajewski, Randall T. Tucker, Jeanette Moeller, Joan B. McNagny, Dr. Robert Hanni, Ronald Klene, Theressa Bynum, Bettye Lou Jerrell, G. Patrick Hoehn and Eugene L. Henderson, former members of the Board
 
 
 **
 The Honorable S. Hugh Dillin, District Judge of the United States District Court for the Southern District of Indiana, sitting by designation
 
 
 [1]
 More precisely, the state defendants added an additional ground to their pending motion for summary judgment
 
 
 [2]
 The Eleventh Amendment provides:
 The Judicial power of the United States shall not be construed to extend to any suit, in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens of Subjects of any Foreign State.
 U.S. Const. amend. XI.
 
 
 [3]
 The Sixth Circuit's ruling affirming the district court's conclusions as to liability was not challenged in the Supreme Court