**VETERANS LEGAL DEFENSE FUND, an Illinois not-for-profit corporation, and Tom Foster, Steven C. Terry, Kenneth W. Fryman, Jr., Dennis Ellis, and Martin Wild, individually and on behalf of all other similarly situated veterans, Plaintiffs,**

**v.**

**Michael S. SCHWARTZ, in his official capacity as Director, Department of Central Management Services of the State of Illinois, George Ryan, in his official capacity as Secretary of State of the State of Illinois, individually and on behalf of all State agencies and all political subdivisions of the State of Illinois, Defendants.**

No. 97–3380.

United States District Court,
C.D. Illinois,
Springfield Division.

Nov. 3, 1998.

Clint A. Krislov, Jonathan Nachsin, William Bogot, Chicago, IL, Samuel J. Cahnman, Springfield, IL, for plaintiffs.

Charles R. Schmadeke, Gregory T. Riddle, Stephen A. Tagge, Thomas H. Wilson, Springfield, IL, for defendants.

## OPINION

RICHARD MILLS, District Judge.

This uncertified double class action complaint is barred by the Eleventh Amendment.

Dismissed.

## I. BACKGROUND

*Plaintiffs:* Veterans Legal Defense Fund is an Illinois not-for-profit corporation composed of people who have served in the armed forces of the United States; Tom Foster, Steven C. Terry, Kenneth W. Fryman, Jr., Dennis Ellis, and Martin Wild are veterans and residents of Illinois.

*Defendants:* Michael S. Schwartz is the Director of the Department of Central Management Services of the State of Illinois ("CMS"), responsible for the development and implementation of policies and procedures for CMS in accordance with the Personnel Code of the State of Illinois; George Ryan is the Secretary of State of the State of Illinois, responsible for the development and implementation of policies and procedures for that office.

The Amended Class Action Complaint purports to bring a double class action under Fed.R.Civ.P. 23(b)(2) & (3). It describes a Plaintiff class and a Defendant class and further subdivides the Defendant class into two subclasses. No party has yet moved to grant or deny class certification for any of the classes.

Due to the voluntary dismissal of several named Defendants, it appears that only a single Count—Count I—remains pending in the Amended Class Action Complaint. Count I alleges that Defendants Ryan and Schwartz have deprived Plaintiffs of due process under the Fourteenth Amendment to the United States Constitution.[1] Specifically, Plaintiffs allege that these Defendants deprived Plaintiffs of property without due process when they did not afford them an absolute veterans preference in hiring for civil service positions.

At all relevant times Section 8b.7 of the Illinois Personnel Code, 20 ILCS 415/8b.7, provided for a veterans' preference in State civil service employment.[2] As interpreted by

---

1. Count I also names the City of Pittsfield as a Defendant. However, Plaintiffs have voluntarily dismissed this party pursuant to Fed.R.Civ.P. 41(a).

2. In pertinent part, the statute provides as follows:

   (f) The rank order of persons entitled to a preference on eligible lists shall be determined on the

the Illinois courts, this statute entitles veterans to an absolute preference over non-veterans within the same grade category in appointment to State employment. *See Denton v. Civil Service Commission of the State of Illinois,* 176 Ill.2d 144, 223 Ill.Dec. 461, 679 N.E.2d 1234, 1238 (Ill.1997). The Complaint also alleges that a number of other statutory provisions provide for an absolute veterans preference.

According to the Complaint, Director Schwartz, Secretary Ryan, and various offices, agencies, and political subdivisions of the State maintained policies and practices of failing to grant veterans an absolute veterans preference over non-veterans in civil service appointments. These policies and practices violated Section 8b.7 and the various other statutory provisions which provide for an absolute veterans preference.

As a result of these policies and procedures, Plaintiffs Foster, Terry, Fryman, Ellis, and Wild were deprived of an absolute veterans preference to which they were statutorily entitled. Between 1990 and September, 1997, these individuals applied for various civil service positions in the State of Illinois. At the time they applied for the jobs, they all qualified for the veterans preference under one or more of the various statutory provisions previously mentioned. As a result of the policies and practices previously described, however, a number of non-veterans were hired for the civil service positions.

Plaintiffs seek various forms of relief, claiming that Defendants deprived them of property without due process of law when they failed to give Plaintiffs the competitive advantage of an absolute veterans preference. Putting aside those forms of relief relating to class certification, costs, and fees, Plaintiffs ask the Court to grant the following injunctive relief: (1) direct Defendants to afford an absolute veterans preference to Plaintiffs; (2) direct Defendants to allow Plaintiffs to re-apply for appointments previously denied them; and (3) appoint a monitor to ensure that they afford an absolute veterans preference to qualified veterans. Currently pending before the Court is Defendants' motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(1) & (6).

Before ruling on the motion to dismiss, the Court must address a procedural issue which the parties have not mentioned. No party has yet moved to grant or deny class certification despite the fact that Rule 23(c)(1) requires the Court to decide the class certification issue "[a]s soon as practicable." Fed. R.Civ.P. 23(c). Nevertheless, the Court does not feel that it would violate Rule 23(c) to rule on the motion to dismiss before the class certification issue is resolved. The Seventh Circuit has said that Rule 23(c)'s standard allows for "wiggle room," and has recognized a defendant's interest in disposing of putative class action before certification. *Cowen v. Bank United of Texas,* 70 F.3d 937, 941 (7th Cir.1995). Accordingly, the Court will address the Defendants' motion to dismiss forthwith. *See Id.* (approving a defendant's tactic of moving for summary judgment before district court decided certification issue).

## II. DISCUSSION

Defendants argue that this action is barred by the Eleventh Amendment of the United States Constitution. The Court finds this argument dispositive and therefore does not reach the Defendants' other arguments.

■■■■ As a general rule, the Eleventh Amendment prohibits suits against the states in federal courts. In *Ex Parte Young,* 209 U.S. 123, 159–60, 28 S.Ct. 441, 52 L.Ed. 714 (1908), the Supreme Court carved out an exception to this rule, allowing a citizen to seek prospective injunctive relief against a

---

basis of their augmented ratings. When the Director establishes eligible lists on the basis of category ratings such as "superior", "excellent", "well-qualified", and "qualified", the veteran eligibles in each such category shall be preferred for appointment before the nonveteran eligibles in the same category.

. . . . .

(j) The Department of Central Management Services shall adopt rules and implement procedures to verify that any person seeking a preference under this Section is entitled to the preference. A person seeking a preference under this Section shall provide documentation or execute any consents or other documents required by the Department of Central Management Services or any other State department or agency to enable the department or agency to verify that the person is entitled to the preference.

state official when the official's action violates federal law. However, the *Young* exception "permits relief against state officials only when there is an ongoing or threatened violation of federal law." *Vickery v. Jones*, 100 F.3d 1334, 1346 (7th Cir.1996); *see also Parents for Quality Education with Integration, Inc. v. Indiana*, 977 F.2d 1207, 1209 (7th Cir.1992), *modified in part by*, 986 F.2d 206 (7th Cir.1993); *Watkins v. Blinzinger*, 789 F.2d 474, 484 (7th Cir.1986); *Green v. Mansour*, 474 U.S. 64, 71, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985). "Such requirement is intended to maintain the balance between allowing the federal courts to vindicate federal rights and hold state officials responsible to the supreme authority of the United States and upsetting the delicate balance of federal and state interests that is at the heart of the Eleventh Amendment." *Vickery*, 100 F.3d at 1346 (internal citations and quotations omitted). "When the federal interest is no longer so pressing—when there is no continuing conduct that states must change to comply with federal law—the reason for the rule of *Young* no longer applies." *Watkins*, 789 F.2d at 484.

██ The instant case is barred by the Eleventh Amendment because it does not present any allegations of an "ongoing or threatened violation of federal law." According to the Complaint, the Defendants' failure to afford Plaintiffs the competitive advantage of an absolute veterans preference amounted to a deprivation of property without due process of law. But if a constitutional violation occurred at all, the violation began and ended when Defendants made their hiring decisions. There is no allegation that the State Defendants are continuing to deprive anyone of their absolute veterans preference or that they have threatened to do so in the future.[3] Nor is there any allegation that Plaintiffs are now being deprived of jobs they would have

otherwise had if Defendants had not deprived them of their absolute veterans preference.[4] Because there is no "ongoing or threatened violation of federal law," the *Young* exception to the Eleventh Amendment's jurisdictional bar does not apply, and Plaintiffs cannot bring this action in federal court.

██ Plaintiffs do not focus on the requirement of an ongoing violation of federal law. Instead, they argue that the relief sought would constitute "prospective" relief, reflecting the rule that the *Young* exception will not apply unless the relief sought against the state official is prospective in nature. Plaintiffs analogize the instant case to cases involving the remedy of reinstatement, which has been held to be prospective in nature. *See Elliott v. Hinds*, 786 F.2d 298, 300 (7th Cir.1986). The analogy is questionable. For the prospective nature of reinstatement is tied closely to the ongoing nature of the federal violation in reinstatement cases—a factor not present here. *See id.* (holding that reinstatement is prospective in nature and noting that "[the plaintiff's] wrongful discharge is a continuing violation; as long as the state official keeps him out of his allegedly tenured position the official acts in what is claimed to be derogation of [the plaintiff's] constitutional rights.") More importantly, however, the analogy is irrelevant. For absent a continuing violation of federal law, the Eleventh Amendment bars a suit against a state official in federal court regardless of whether the relief sought is prospective. *Watkins*, 789 F.2d at 484 ("The Supreme Court accordingly held in *Green* [*v. Mansour*] that when there is no ongoing or impending violation of federal law, a federal court may not issue declaratory or 'notice' relief, even though that relief would be 'prospective' and would not require payments

---

**3.** *Quite the contrary is true if this Court properly understands the pleadings and briefings in the record. No party appears to dispute the fact that Defendants fully intend to comply with the dictates of a recent Illinois Supreme Court case holding that Section 8b.7 entitles qualified veterans to an absolute veterans preference over nonveterans in the same grade category. See Denton v. Civil Service Commission of the State of Illinois, 176 Ill.2d 144, 223 Ill.Dec. 461, 679 N.E.2d 1234, 1238 (Ill.1997).*

**4.** In other words, Plaintiffs do not allege that they would have received the jobs for which they applied had it not been for Defendants' failure to give them the competitive advantage of an absolute veterans preference. If Plaintiffs had made such an allegation, this case would be more like the cases involving reinstatement discussed below.

from the state treasury.") *See also Al–Alamin v. Gramley,* 926 F.2d 680, 685 (7th Cir. 1991) ("When there is no continuing violation of federal law, injunctive relief is not part of a federal court's remedial powers.")

Although Plaintiffs do not allege an ongoing or threatened violation, the Court expresses no opinion about whether such an allegation could be made. One of the named Plaintiffs, Kenneth W. Fryman, Jr., was allegedly denied an absolute veterans preference without due process as late as September 1997, one month before this action was filed. The Court does not understand this allegation to imply that the State Defendants will continue to deprive qualified applicants of an absolute veterans preference in the future. Moreover, Plaintiffs' briefing of the motion to dismiss gives no indication that they see their claims as alleging ongoing violations.

Nevertheless, the Court will afford Plaintiffs an opportunity to clarify any ambiguities by giving them thirty days to amend the Amended Class Action Complaint. If a Second Amended 'Class Action Complaint is filed, it should also be amended to remove all material relating to parties which Plaintiffs have voluntarily dismissed.

If Plaintiffs cannot cure the jurisdictional deficiency in the Complaint on or before December 3, 1998, class certification will be denied as moot, *see Cowen,* 70 F.3d at 941, and this order dismissing Count I will become final on the next court day.

*Ergo,* Defendants' Motion to Dismiss Amended Class Action Complaint is ALLOWED. Count I of the Amended Class Action Complaint is DISMISSED. Plaintiffs are allowed until December 3, 1998, to file a Second Amended Class Action Complaint in accordance with this Order. If no such complaint is filed, class certification will be denied as moot and this order dismissing Count I will become final on December 4, 1998.