Virginia SEENEY, Plaintiff,

v.

Tom KAVITSKI, et al., Defendants.

Civ. A. 94–1649.

United States District Court,
E.D. Pennsylvania.

Oct. 12, 1994.

Sylvia E. Hall, Law Offices of Sylvia E. Hall, P.C., Pennsville, NJ, Wallace L. Walker, Philadelphia, PA, for plaintiff and Virginia Seeney, pro se.

Kevin William Gibson, Kassab, Archbold, Jackson & O'Brien, Media, PA and Denise A. Kuhn, Office of Atty. Gen., Philadelphia, PA, for defendants.

## MEMORANDUM

JAMES McGIRR KELLY, District Judge.

Presently before the court is the Motion of Defendants Commonwealth of Pennsylvania, the Office of Administration, Bureau of Affirmative Action and Contract Compliance, the Department of Public Welfare and the Honorable Joseph L. Zazyczny (collectively, the "Commonwealth defendants") to dismiss the Plaintiff Virginia Seeney's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## BACKGROUND

Plaintiff Virginia Seeney ("plaintiff") is a black woman and a former employee of Community Action Agency of Delaware County, Inc. ("Community Action"). Community Action is a contractor for the Commonwealth of Pennsylvania, specifically the Department of Welfare. The contract between the Commonwealth and Community Action provides that the latter shall not discriminate against any employee on the basis of race.

In her complaint, plaintiff alleges that Community Action employees demoted, and then fired her because of her race. After her termination, plaintiff filed a race discrimination claim with the Bureau of Affirmative Action and Contract Compliance ("BAACC"). The BAACC investigates racial discrimination charges pursuant to Pennsylvania Executive Order 1988-1 and Management Directive 410.10. These regulations require the BAACC to investigate the claim, and recommended sanctions against state contractors if they are guilty of discrimination.

In this matter, the BAACC found probable cause of race discrimination. It recommended numerous sanctions against Community Action, including reinstatement of plaintiff with back pay. Despite this determination, the Commonwealth did not take any adverse action against Community Action. In fact, the Commonwealth and its agencies continued to fund and contract with Community Action. Seeney claims that the Commonwealth defendants and Community Action employees met secretly to quash the findings of the investigation, and that this collusive meeting led to the early termination of her grievance claim.

Seeney filed a complaint with this court on March 10, 1994. However, she failed to serve process on all of the defendants named in the complaint. On July 6, 1994, plaintiff then filed an amended complaint (the "Amended Complaint") and served process on the defendants. The Amended Complaint sets forth thirteen counts. Six of the claims are directed at one or more of the Commonwealth defendants.

Count I alleges that plaintiff is a third party beneficiary of the contract between the Commonwealth and Community Action. Plaintiff claims that she, a former employee, was the intended beneficiary of the contract's non-discrimination provision. She maintains the Commonwealth breached the contract when it permitted Community Action to discriminate against her.

Count VI asserts that all of the defendants, including the Commonwealth defendants, conspired to deprive Seeney of her constitutional right to due process in violation of 42 U.S.C. § 1985. Count VII claims that the Commonwealth defendants violated 42 U.S.C. §§ 1981 and 1983 because they knowingly funded Community Action even though it "discriminated against blacks in violation of law and contract". Amend. Comp. ¶ 87.

Count X states that the Commonwealth's Management Directive 410.10 and Executive Order 1988–1 violate 42 U.S.C. §§ 1981 and 1983, because the investigation process is "arbitrary and capricious". Count XI avers that the Commonwealth defendants violated plaintiff's Fourteenth Amendment rights to substantive and procedural due process. Count XIII alleges negligent infliction of emotional distress by all of the defendants.

Plaintiff seeks both monetary damages and injunctive relief against the Commonwealth defendants.

### MOTION TO DISMISS STANDARD

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a complaint. *See Sturm v. Clark*, 835 F.2d 1009, 1011 (3d Cir.1987). A complaint may be dismissed for failure to state a claim upon which relief may be granted if the facts pled and reasonable inferences therefrom are legally insufficient to support the relief requested. *See Commonwealth ex. rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 179 (3d Cir.1988). In reviewing a motion to dismiss, all allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the non-moving party. *See Wisniewski v. Johns–Manville Corp.*, 759 F.2d 271 (3d Cir.1985).

### DISCUSSION

#### 1. Plaintiff's claims for damages and back pay

■ The Amended Complaint requests judgment in the amount of $500,000 to cover lost wages, compensatory and punitive damages, and attorney fees and costs. The Eleventh Amendment of the United States Constitution prohibits actions in federal court for monetary relief against states, their agencies, and state officials acting within the scope of their official capacity. *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir.1981) (states); *Mt. Healthy City Board of Education v. Doyle*, 429 U.S. 274, 280, 97 S.Ct. 568, 572–73, 50 L.Ed.2d 471 (1977) (state agencies); *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) (employees acting in their official capacity). This is true whether the plaintiff is a citizen of the defendant state or a citizen of another state. *Port Authority Trans–Hudson Corp. v. Feeney*, 495 U.S. 299, 110 S.Ct. 1868, 109 L.Ed.2d 264 (1990).

■ However, Eleventh Amendment immunity is not absolute. States may consent to suit in federal court. *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Alternatively, Congress may abrogate such immunity by legislation, if its intention is unmistakably clear in the language or legislative history of the statute. *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985). Therefore, unless the Pennsylvania Legislature has waived the Commonwealth's Eleventh Amendment immunity, or if Congress expressly abrogated it in one of the statutes at issue, the court must dismiss the

claims for monetary relief against all Commonwealth defendants.

### a. Count VI—Plaintiff's Claim under 42 U.S.C. § 1985

■ Count VI of the complaint alleges a violation of 42 U.S.C. § 1985. Pennsylvania has not consented to be sued under this statute in federal court. It is also well settled that Congress did not intend to abrogate Eleventh Amendment immunity when it enacted § 1985. *Quern v. Jordan*, 440 U.S. 332, 339–346, 99 S.Ct. 1139, 1144–1148, 59 L.Ed.2d 358 (1979); *Parents for Quality Education v. Fort Wayne Comm. Schools*, 662 F.Supp. 1475 (N.D.Ind.1987). Therefore, plaintiff's claim for damages under § 1985 against each of the Commonwealth defendants is dismissed.

### b. Counts VII, X, and XI—Plaintiff's § 1981 and § 1983 claims

■ Counts VII and X of the complaint are based on 42 U.S.C. § 1981 and § 1983. Count XI alleges a violation of the Fourteenth Amendment. The court presumes that this Count is also brought pursuant to § 1983. Pennsylvania has not consented to suit under either of these acts. Moreover, courts have consistently held that Congress did not intend to override state immunity when it passed § 1983. *Williams v. State of Missouri*, 973 F.2d 599 (8th Cir.1992) (Congress did not abrogate state immunity by enacting § 1983). Accordingly, plaintiff's claims under § 1983 for retroactive relief against the Commonwealth defendants are dismissed.

■ The question of whether § 1981 abrogated Eleventh Amendment immunity requires a more in-depth analysis. The Supreme Court has not yet decided the issue, and neither have any of the federal circuit courts. The district courts have reached divergent results. In the greater number of decisions, the courts held that the language and legislative history of § 1981 does not express a clear intent to override state immunity. *See e.g. Malone v. Schenk*, 638 F.Supp. 423 (C.D.Ill.1985); *Davis v. Buffalo Psychiatric Center*, 623 F.Supp. 19 (S.D.N.Y. 1985). On the other hand, several district courts have concluded that § 1981 does abrogate the Eleventh Amendment. *Yarbrough v. Illinois Department of Mental Health*, 538 F.Supp. 414 (N.D.Ill.1982); *Skyers v. Port Authority of New York and New Jersey*, 431 F.Supp. 79, 83 (S.D.N.Y.1976). Because the case law provides no clear precedent, the court must examine the language and legislative history of § 1981 to determine if Congress intended to subject states to suit in federal court under the statute.

As plaintiff points out, the legislative history of § 1981 implies that states may be sued in federal court for violations of the statute. It is well settled that the principal goal of § 1981 was to eradicate the "Black Codes". *General Building Contractors Association v. Pennsylvania*, 458 U.S. 375, 386, 102 S.Ct. 3141, 3147–48, 73 L.Ed.2d 835 (1982) (quoting Cong. Globe, 39th Cong., 1st Sess., 129 (1866)). The Black Codes were laws enacted by southern states imposing a range of civil disabilities on recently emancipated African-Americans. The 1866 Congress perceived these Codes as attempts by the states to resurrect the incidents of slavery. Their desire to invalidate the Codes is clear from the floor statement of Senator Trumbull, who sponsored the legislation. He declared:

> Since the abolition of slavery, the legislatures which have assembled in the insurrectionary States have passed laws relating to freedmen, and in nearly all the States have discriminated against them. They deny them certain rights, subject them to severe penalties, and still impose upon them the very restrictions which were imposed on them in consequence of the existence of slavery. [T]he purpose of this bill under consideration is to destroy all these discriminations, and carry into effect the Thirteenth amendment.

Cong. Globe, 39th Cong., 1st Sess., 474 (1866).

It seems clear that the dominant intent of § 1981 was to combat discriminatory acts by the states themselves. Thus, one could infer that Congress intended to subject these recalcitrant states to lawsuit for violations of the statute. However, a mere implication that a statute overrides the Eleventh Amend-

ment is insufficient. The Supreme Court has held that the legislation must clearly and unequivocally demonstrate that Congress intended to abrogate Eleventh Amendment immunity. *Atascadero*, 473 U.S. 234, 105 S.Ct. 3142. Section 1981 does not do that. Consequently, plaintiff's claims against the Commonwealth defendants for damages under § 1981 are dismissed.

### c.  Counts I and XIII—breach of contract and emotional distress .

■  Count I sets forth a state breach of contract claim against the Commonwealth of Pennsylvania. The Pennsylvania Legislature has waived state immunity to breach of contract claims, but only to a limited extent. In 72 Pa.S.A. §§ 4651–1 through 4651–10, the Legislature created the Board of Arbitration of Claims. The Board of Claims has exclusive jurisdiction over contract claims against the Commonwealth and its agencies. *United Brokers Mortgage Co. v. Fidelity Philadelphia Trust Co.*, 26 Pa.Commw. 260, 363 A.2d 817 (1976); *Kreider v. Commonwealth, Human Relations Commission*, 9 Pa.Commw. 491, 308 A.2d 642 (1973). Therefore, this court does not have jurisdiction to hear plaintiff's breach of contract claim. Accordingly, that claim is dismissed.[1]

Plaintiff's emotional distress claim against the Commonwealth Defendants is also dismissed. There is no legislative waiver for a claim of negligent infliction of emotional distress against the Commonwealth. *See Jacecko v. Yarosewick*, No. 89–4511, 1989 WL 144113, *5–6, 1989 U.S.Dist. Lexis 14259, *13–15 (E.D.Pa. Nov. 29, 1989); 42 Pa.Cons. Stat.Ann. § 8522 (1982) (emotional distress claims are not within list of exceptions to sovereign immunity). Therefore, plaintiff's claim against the Commonwealth defendants for negligent infliction of emotional distress is dismissed.

### 2.  Plaintiff's claims for injunctive relief.

■  The Amended Complaint also requests an injunction compelling the Commonwealth defendants to terminate all contracts with Community Action.[2] It is clear that the Eleventh Amendment prevents actions for injunctive relief against the Commonwealth as a named defendant. *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir.1981). However, the Eleventh Amendment does permit actions seeking equitable relief against state officials in their official capacity. *Id.* Therefore, so long as the plaintiff has stated a claim under any of the Civil Rights statutes, she may proceed against Zazyczny for equitable relief.

■  Count VI of the Amended Complaint states a claim under 42 U.S.C. § 1985. To prevail on a § 1985 claim, the plaintiff must prove: 1) a conspiracy; 2) racial animus; 3) an act in furtherance of the conspiracy; and 4) injury to the person or deprivation of a right. *United Brotherhood of Carpenters and Joiners of America, Local 610, AFL–CIO v. Scott*, 463 U.S. 825, 828–29, 103 S.Ct. 3352, 3355–57, 77 L.Ed.2d 1049 (1983). Defendants claim that plaintiff has failed to allege deprivation of a protected right. They are incorrect.

■  Count VI maintains that the defendants conspired to deny plaintiff due process of law. To state a procedural due process claim, plaintiff must allege that she was deprived of a property or liberty interest, and that such deprivation occurred without due process of law. *Board of Regents v. Roth*, 408 U.S. 564, 570, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). Plaintiff contends that because she could only be fired "for cause", she had a property or liberty interest in her job.[3] Amend.Comp. ¶ 20. She further contests that Community Action fired her without cause, and that the Commonwealth denied her due process when it purposely interfered with her access to the grievance

---

1. Because this court has no jurisdiction over the contract claim, it is dismissed completely. Plaintiff may not seek damages or injunctive relief based on this claim.

2. A plaintiff may seek injunctive relief under § 1981, *see Scelsa v. City University of New York*, 806 F.Supp. 1126 (S.D.N.Y.1992); § 1983, *International Prisoners Union v. Rizzo*, 356 F.Supp. 806 (E.D.Pa.1973); and § 1985, *Werthman v. Illinois DMH/DD*, 831 F.Supp. 625 (N.D.Ill. 1993).

3. The Commonwealth defendants do not dispute this point.

procedure. These allegations adequately set forth a procedural due process claim.[4] Moreover, the Amended Complaint adequately alleges the other elements of a § 1985 claim. Thus, plaintiff has stated a claim in Count VI.

■ Count VII of the Amended Complaint states a claim under 42 U.S.C. § 1983. The purpose of § 1983 is to enforce the provisions of the Fourteenth Amendment. *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). It is clear that the Fourteenth Amendment forbids state funding of racially discriminatory activity. *See Cooper v. Aaron*, 358 U.S. 1, 19, 78 S.Ct. 1401, 1410, 3 L.Ed.2d 5 (1958); *Norwood v. Harrison*, 413 U.S. 455, 93 S.Ct. 2804, 37 L.Ed.2d 723 (1973); *cf. Nat. Black Police Ass'n v. Velde*, 712 F.2d 569 (D.C.Cir. 1983). The plaintiff contends that the Commonwealth defendants violated § 1983 because they knowingly continued to fund an agency that discriminated on the basis of race. Amend.Comp. ¶¶ 86–89. If this is true, then the Department of Administration, acting through Secretary Zazyczny, violated § 1983. Accordingly, the plaintiff has stated a claim for which relief can be granted.

■ Finally, Count X states a claim under § 1981. To state a claim under § 1981, plaintiff must allege: 1) she is a member of a racial minority; 2) the defendant discriminated against her based on race; and 3) the defendant denied plaintiff the full and equal benefit of the law. *Mian v. Donaldson, Lufkin & Jenrette Securities Corp.*, 7 F.3d 1085 (2d Cir.1993). This court finds that the Amended Complaint adequately alleges that Commonwealth defendants denied plaintiff the equal benefit of the law because she is an African–American. Therefore, viewed under the very liberal standard of a 12(b)(6) motion, the Count states a claim under § 1981.

## CONCLUSION

Accordingly, Counts I and XIII are dismissed completely against the Commonwealth defendants. Moreover, plaintiff may not seek monetary relief against any of the Commonwealth defendants based on Counts VI, VII, X or XI. In addition, the plaintiff may not seek injunctive relief under these counts against the Commonwealth or its agencies. However, plaintiff may proceed against the defendant Zazyczny in his official capacity, for injunctive relief only, based on Counts VI, VII, X and XI.

### ORDER

AND NOW, on this 12th day of October, 1994, upon consideration of the Motion of Defendants Commonwealth of Pennsylvania, the Office of Administration, Bureau of Affirmative Action and Contract Compliance, the Department of Public Welfare and the Honorable Joseph L. Zazyczny (collectively, the "Commonwealth defendants") to dismiss the Plaintiff Virginia Seeney's ("Plaintiff") Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and all replies thereto, the court enters the following order:

1. Counts I and XIII of the Amended Complaint are hereby DISMISSED against the Commonwealth defendants.

2. Counts VI, VII, X and XI, to the extent they seek monetary relief against any of the Commonwealth defendants are hereby DISMISSED.

3. Counts VI, VII, X and XI, to the extent that they seek injunctive relief against the Commonwealth of Pennsylvania, the Office of Administration, the Bureau of Affirmative Action and Contract Compliance and the Department of Welfare, are hereby DISMISSED.

4. Defendants' Motion to dismiss Counts VI, VII, X and XI, to the extent that these Counts seek injunctive relief against the Honorable Joseph Zazyczny, in his official capacity, is hereby DENIED. Plaintiff may proceed against this defendant for injunctive relief based on the claims set forth in these Counts.

---

**4.** Accordingly, Count XI of the complaint, which is also based on the Commonwealth's interference with the grievance procedure, states a claim under 42 U.S.C. § 1983 for due process deprivation.